985 F.2d 554
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Keith EATMON, Defendant-Appellant.
 No. 92-5550.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 13, 1993
Decided: January 29, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Senior District Judge. (CR-89-7-G)
 James W. Swindell, High Point, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, John W. Stone, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, LUTTIG, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Edward Keith Eatmon appeals from a district court order revoking his supervised release and committing him to the custody of the Bureau of Prisons for twelve months. Finding that the district court did not abuse its discretion, we affirm.
 
 
 2
 Eatmon pled guilty to one count of bank robbery in May 1989 and was sentenced to forty months imprisonment and three years supervised release. One of the conditions of his release was that he not commit another federal, state, or local crime during his supervised release.
 
 
 3
 Eatmon was released from confinement in December 1991. Eatmon was arrested in April 1992 for violating the terms and conditions of his supervised release. After providing Eatmon with prior notice, a revocation hearing was conducted in the district court on August 3, 1992. Eatmon was represented by counsel. Finding that Eatmon had violated the terms and conditions of his supervised release, the district court revoked Eatmon's supervised release and committed him to the custody of the Bureau of Prisons. Eatmon appealed to this Court.
 
 
 4
 The undisputed facts reveal that in April 1992 Eatmon arrived by bus in Charlotte, North Carolina from Atlanta, Georgia. Eatmon was living in Atlanta while on supervised release, but had decided to return to his family in Greensboro, North Carolina. While in Charlotte, Eatmon apparently cashed in the remainder of his bus ticket and then went to the probation office to seek assistance in obtaining a new bus ticket to Greensboro.
 
 
 5
 Timothy Goodman, a United States Probation Officer, testified at the revocation hearing that he was at the probation office in Charlotte that day. Goodman observed Eatmon acting in an intimidating and threatening manner toward the probation clerks. Eatmon was wearing dark glasses and glaring at the probation clerks. Goodman observed Eatmon thrusting his fists into the air as if he were punching someone, and singing loudly to the music coming from his headphones.
 
 
 6
 Goodman approached Eatmon and noticed that he was drawing pictures. Goodman offered Eatmon a pencil and paper. Eatmon drew a picture of Goodman with a red bull's eye through the head. Goodman asked Eatmon if he enjoyed watching people's reactions, and Eatmon replied, "No, man; I'm dead serious." Goodman took this to be a threat, and consulted with his supervisor. Goodman's supervisor spoke with the Supervising Officer in the Middle District of North Carolina, who authorized Eatmon's arrest without a warrant. Eatmon was arrested by Goodman, his supervisor, a drug specialist, and three United States Marshals. The next day, the district court issued a warrant for Eatmon's arrest.
 
 
 7
 After his arrest and prior to the revocation hearing, Eatmon was evaluated in the Mental Health Evaluation Unit of the United States Medical Center for Federal Prisoners in Springfield, Missouri, from April 30 through June 12, 1992. The evaluation report was received into evidence at the revocation hearing.
 
 
 8
 The standard of appellate review of a district court's decision to revoke supervised release is an abuse of discretion standard. United States v. Stephenson, 928 F.2d 728, 731 (6th Cir. 1991). A district court may revoke a term of supervised release if the court finds by a preponderance of the evidence that the person violated a condition of supervised release. 18 U.S.C.A. § 3583(e)(3) (West Supp. 1992). The court may find that the Defendant violated his supervised release by engaging in criminal conduct even if he is not convicted of an offense arising from the conduct. 928 F.2d at 732. Our review of the record in this case reveals that the district court did not abuse its discretion in revoking Eatmon's supervised release.
 
 
 9
 In addition to the hearing testimony described above, the district court considered the forensic report and evaluation prepared by the staff at Springfield, Missouri. The psychologist who evaluated Eatmon in Springfield diagnosed him as suffering from Atypical Bipolar Disorder, periodic substance abuse, and possible Antisocial Personality Disorder. The doctor concluded that although Eatmon likely suffered from a severe mental disease or defect at the time he violated the terms of his supervised release,* he was no longer suffering from that mental disease and was mentally competent to participate in the revocation hearing. Finally, the psychologist opined that Eatmon's prior psychiatric record reflected periods of uncontrolled behavior with combativeness and destructiveness. Therefore, the psychologist concluded that Eatmon likely would display similar threatening or destructive behavior again.
 
 
 10
 Based on the forensic report and the testimony of the witnesses at the revocation hearing, the district court found that Eatmon's conduct as described by Goodman constituted a violation of the terms and conditions of his supervised release. Accordingly, the district court committed Eatmon to the Bureau of Prisons for twelve months imprisonment, with a recommendation that Eatmon be placed in an institution where he could receive treatment for possible mental illness.
 
 
 11
 Eatmon's hearing satisfied the procedural requirements of due process and we cannot say that the district court abused its discretion in revoking his supervised release. United States v. Stephenson, 928 F.2d at 732 (quoting Morrissey v. Brewer, 408 U.S. 471 (1972)). Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The issue of insanity at the time of the offense is for the trier of fact, and the district court, as factfinder, was apparently not persuaded by the forensic report. See Fed. R. Evid. 704(b); In re Newchurch, 807 F.2d 404, 409-10 (5th Cir. 1986)